IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND; TRUSTEES OF THE SPRINKLER INDUSTRY SUPPLEMENTAL PENSION FUND, | ) ) ) ) ) | CASE NO.: 18-cv-5309 |
| Plaintiffs, | ) ) | JUDGE: |
| vs. | ) ) | MAGISTRATE JUDGE: |
| SKYHAWK SPRINKLER SYSTEMS, INC., an Illinois Corporation, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

NOW COME the Plaintiffs, the TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND and the TRUSTEES OF THE SPRINKLER INDUSTRY SUPPLEMENTAL PENSION FUND (collectively "NASI Funds"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant SKYHAWK SPRINKLER SYSTEMS, INC. ("Defendant" or "Skyhawk") and allege as follows:

## PARTIES

1. The NASI Funds are employee benefit plans as that term is defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1002(3). The NASI Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the Funds (hereinafter "NASI Trust Agreements") and the Collective Bargaining Agreement between Sprinkler Fitters Local Union No. 281 and the Defendant. The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

2. Skyhawk is a corporation existing under the laws of the State of Illinois with offices located in Illinois. Defendant transacts business in the State of Illinois as a contractor or

subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

4. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Defendant maintains its principal place of business in the County of Lake, State of Illinois, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the NASI Funds' claims occurred in the Northern District of Illinois, Eastern Division.

## COUNT I

5. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1- 4 of this Complaint with the same force and effect as if fully set forth herein.

6. At all times relevant herein, Defendant has been signatory to a Collective Bargaining Agreement with Sprinkler Fitters Local Union No. 281 requiring contributions to the NASI Funds for each hour of work by employees performing installation of automatic sprinkler systems.

7. Defendant employed certain employees covered by the Collective Bargaining Agreement during the months of September 2010 through April 2018.

8. Defendant is bound to the NASI Trust Agreements and the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

9. Pursuant to the terms of the Defendant's Collective Bargaining Agreements, the Trust Agreements and the Guidelines, the Trustees of the NASI Funds have the authority to conduct an audit of the payroll and wage records of the Defendant for the purposes of determining the accuracy of contributions to the Funds.

10. In May 2013, the NASI Funds' auditor performed an audit of the Defendant's wage and payroll records covering the period of September 1, 2010 through December 31, 2012. Said audit revealed contributions due and owing to the NASI Funds by the Defendant in the amount of $38,074.70. Defendant has refused to pay this amount owed to the NASI Funds.

11. In May 2018, the NASI Funds' auditor performed an audit of the Defendant's wage and payroll records covering the period of January 1, 2013 through April 30, 2018. Said audit revealed contributions due and owing to the NASI Funds by the Defendant in the amount of $16,949.95. Defendant has refused to pay this amount owed to the NASI Funds.

12. Defendant's contributions owed on behalf of its sprinkler fitter employees as revealed owed by the wage and payroll audits of the Defendant's records covering the period of January 1, 2010 through April 30, 2018 are late.

13. Pursuant to the NASI Funds Trust Agreement, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

    (1) If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.

    (2) An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.

    (3)  An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

  14.  Pursuant to this provision, Defendant is obligated to the NASI Funds in the amount of $11,004.93 for liquidated damages assessed on the late contributions as set forth herein, plus interest at the rate provided in the NASI Trust Agreements, the Guidelines, and 29 U.S.C. § 1132(g) from the date of delinquency to the date of payment.

  15.  Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Defendant.

  16.  Plaintiffs have complied with all conditions precedent in bringing this suit.

  17.  Defendant is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, NASI Funds Trust Agreement and 29 U.S.C. § 1132(g)(2)(D).

  **WHEREFORE**, in Count I, the NASI Funds respectfully request Judgment against the Defendant as follows:

  A.  In the amount of $55,024.65 for contributions as revealed owed by the audits of Defendant's wage and payroll records covering the period of January 1, 2010 through April 30, 2018, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the NASI Funds Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

  B.  In the amount of $11,004.93 for liquidated damages assessed on late contributions as revealed owed by the audit of Defendant's wage and payroll records covering the period of January 1, 2010 through April 30, 2018, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the NASI Funds Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

C. For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

D. For such further relief as the Court may deem appropriate all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

**TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND AND TRUSTEES OF THE SPRINKLER INDUSTRY SUPPLEMENTAL PENSION FUND**

By: /s/ Jeffrey A. Krol – 6300262
*One of Plaintiffs' Attorneys*

JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5465
jeffkrol@johnsonkrol.com